**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JARROD GEISSENBERGER,

Plaintiff,

v.

CASE NO.:

BRANDREP, LLC,

Defendant.

_______________________________________/

**COMPLAINT**

1. Unwanted "Robocalls" are the #1 consumer complaint in America today.

2. The people complaining about harassing robocalls is increasing at an alarming rate. In 2015, 2,125,968 complained to the Federal Trade Commission (FTC) and Federal Communications Commission (FCC), in 2016 this number was 3,401,614 2016 and in 2017 it was 4,501,967.[1]

3. BrandRep, LLC robocalled the Plaintiff a mindboggling 275 times.

4. BrandRep, LLC has a corporate policy to robocall people thousands of times.

5. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm*

[1] It is important to recognize these merely reflect the number of individuals that complained to these agencies; the number of people that have been victimized by illegal robocalling abuse could be close to 100,000,000 in the last 3 years

*Bank*, F.S.B., 746 F. 3d 1242, 1256 (11th Cir. 2014). Despite the penalties put in place over 26 years ago, robocall abuse continues to skyrocket.

6. Plaintiff, Jarrod Geissenberger, alleges Defendant, BrandRep, LLC, robocalled him more than 275 times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), Invasion of Privacy ("IOP"), and Intentional Infliction of Emotional Distress ("IIED").

7. Robocalls are very inexpensive to make. As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." *Stopping Fraudulent Robocall Scams: Can More Be Done?: Hearing Before the Subcomm. on Consumer Prot., Prod. Safety, and Ins. of the S. Comm. on Commerce, Sci., and Transp.*, 113 Cong. 113-117 (2013) (statement of Lois Greisman, Assoc. Director, Division of Marketing Practices, Bureau of Consumer Protection, Federal Trade Commission).

8. The TCPA was enacted to prevent companies like BrandRep, LLC from invading American citizens' privacy and prevent illegal robocalls.

9. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; see also *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

10. According to findings by the FCC—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found,

automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

**JURISDICTION AND VENUE**

11. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

12. Violations described in this Complaint occurred while Plaintiff was in Clearwater, Florida.

**FACTUAL ALLEGATIONS**

13. Plaintiff is a natural person and citizen of the State of Florida, residing in Clearwater, Florida.

14. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

15. Defendant is a Limited Liability Company with its principal place of business in Irvine, California, and conducts business in the State of Florida.

16. Plaintiff is the regular user and carrier of the cellular telephone numbers at issue, (727) 599-3061 and (727) 495-6441.

17. Plaintiff was the "called party" during each phone call subject to this lawsuit.

18. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

19. Defendant did not have the "express consent" of the Defendant to call his cell phone.

20. "Express consent" is narrowly construed by the Courts.

21. It is the Defendant's burden to prove they had "express consent" per the TCPA to call the Plaintiff on his cell phone using an "automatic telephone dialing system" (ATDS).

22. It is the Defendant's burden to prove they had "express consent" per the TCPA to call the Plaintiff on his cell phone using an ATDS for each account they were calling on.

23. Defendant was put on notice Plaintiff did not want the Defendant contacting him.

24. Defendant did not have the express consent of the Plaintiff to call him on the accounts they called him on.

25. Plaintiff expressly revoked any express consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone numbers by the use of an ATDS or a pre-recorded or artificial voice.

26. Defendant attempted to solicit business aids to the Plaintiff by this campaign of telephone calls.

27. Defendant made at least one (1) call to (727) 495-6441.

28. Defendant made at least one (1) call to (727) 495-6441 using an ATDS.

29. Defendant made at least ten (10) calls to (727) 495-6441.

30. Defendant made at least ten (10) calls to (727) 495-6441 using an ATDS.

31. Defendant made at least twenty five (25) calls to (727) 495-6441.

32. Defendant made at least twenty five (25) calls to (727) 495-6441 using an ATDS.

33. Defendant made at least one (1) call to (727) 599-3061.

34. Defendant made at least one (1) call to (727) 599-3061 using an ATDS.

35. Defendant made at least ten (10) calls to (727) 599-3061.

36. Defendant made at least ten (10) calls to (727) 599-3061 using an ATDS.

37. Defendant made at least fifty (50) calls to (727) 599-3061.

38. Defendant made at least fifty (50) calls to (727) 599-3061 using an ATDS.

39. Defendant made at least one hundred (100) calls to (727) 599-3061.

40. Defendant made at least one hundred (100) calls to (727) 599-3061 and using an ATDS.

41. Defendant made at least one hundred and fifty (150) calls to (727) 599-3061.

42. Defendant made at least one hundred and fifty (150) calls to (727) 599 -3061 using an ATDS.

43. Defendant made at least two hundred (200) calls to (727) 599-3061.

44. Defendant made at least two hundred (200) calls to (727) 599-3061 using an ATDS.

45. Defendant made at least two hundred and fifty (250) calls to (727) 599-3061.

46. Defendant made at least two hundred and fifty (250) calls to (727) 599-3061 using an ATDS.

47. Each call the Defendant made to (727) 599-3061 and (727) 495-6441 in the last four years was made using an ATDS.

48. Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

49. Defendant has called other people's cell phones without their express consent.

50. Each call the Defendant made to the Plaintiff was made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using

a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

51. The calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

52. Plaintiff repeatedly requested the Defendant to stop calling his cell phone, however, the Defendant continued to make calls.

53. Plaintiff's conversations with the Defendant putting them on notice that they did not want more phone calls were ignored.

54. Defendant has recorded at least one conversation with the Plaintiff.

55. Defendant has recorded numerous conversations with the Plaintiff.

56. Defendant has made approximately two hundred and seventy five (275) calls to Plaintiff's aforementioned cellular telephone number over the past four years which will be established exactly once Defendant turns over their dialer records.

57. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abusive robocalls.

58. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

59. By effectuating these unlawful phone calls, Defendants have caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

60. Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in his cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

61. Defendant's phone calls harmed Plaintiff by wasting his time.

62. Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: *Rules Implementing the TCPA of 1991*, 23 FCC Rcd 559, 562 (2007).

63. Defendant's phone calls harmed Plaintiff by depleting the battery life on his cellular telephone, and by using minutes allocated to Plaintiff by his cellular telephone service provider.

64. Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed it had.

65. Defendant's corporate policy and procedures provided no means for the Plaintiff to have his aforementioned cellular number removed from the call list.

66. Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to call individuals such as Plaintiff for its financial benefit.

67. Plaintiff expressly revoked any consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls.

68. Making money while breaking the law is considered an incentive to continue violating the TCPA and other state and federal statutes.

69. Defendant never had the Plaintiff's expressed consent for placement of telephone calls to his aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice.

70. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

71. Defendant violated the TCPA with respect to the Plaintiff.

72. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

**COUNT I**
**(Violation of the TCPA)**

73. Plaintiff incorporates Paragraphs one (1) through seventy-two (72).

74. Defendant willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff after he revoked his consent to be called by them using an ATDS or pre-recorded voice.

75. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialed calls made to Plaintiff's cellular telephone after Plaintiff revoked his consent to be called by them using an ATDS or pre-recorded voice.

76. Defendant, BrandRep, LLC repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

77. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

78. Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Defendant, BrandRep, LLC, from violating the TCPA in the future.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

**COUNT II**
**(Invasion of Privacy – Intrusion Upon Seclusion)**

79. Plaintiff incorporates Paragraphs one (1) through seventy-two (72).

80. Defendant through its solicitation conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

81. All of the calls made to Plaintiff's cell phone by Defendant and its agents using an automatic telephone dialing system were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

82. Defendant's persistent autodialed calls to his cellular phone eliminated Plaintiff's right to be left alone.

83. Defendant's autodialed soliciation calls disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff during mealtimes, disrupted Plaintiff during his work, and continually frustrated and annoyed Plaintiff.

84. These persistent autodialed soliciation calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with his cellular phone.

85. By calling his cellular phone, Plaintiff had no escape from these calls either in his home or when he left the home.

86. By persistently autodialing Plaintiff's cellular phone without prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

87. Defendant's harassing soliciation conduct and tactic of repeatedly auto dialing Plaintiff to his cellular telephone after requests to stop is highly offensive to a reasonable person.

88. Defendant intentionally intruded upon Plaintiff's solitude and seclusion.

89. As a result of Defendant's action or inaction, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

**COUNT III**
**(Intentional Infliction of Emotional Distress)**

90. Plaintiff incorporates Paragraph one (1) through seventy-two (72).

91. The harassing and abusive conduct, including the repetitive robocalls to Plaintiff, have caused severe emotional harm and distress, embarrassment, aggravation, and other losses.

92. It is beyond the pale of decency to robocall anybody 275 times.

93. The damage to the Plaintiff was and is immense. The Plaintiff had a stunned sense of helplessness because he could not stop the calls despite explaining over and over that he wanted the harassing robocalls to end.

94. To call somebody this amount of time is inhumane.

95. It is utterly uncivilized to robocall someone 275 times.

96. If a person called another person 275 times, the caller would most likely be in prison for criminal harassment.

97. This is especially true if the caller continued to make the calls after being told to stop and never had permission to call in the first place.

98. The calls to Plaintiff by Defendant are harassing, aggravating and highly intrusive.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant for punitive damages and such other and further relief as the Court shall deem just and proper.

Respectfully submitted,

Heather H. Jones, Esq.
Heather H. Jones, Esq.
Florida Bar No. 0118974
William "Billy" Peerce Howard, Esq.
Florida Bar No. 0103330
The Consumer Protection Firm, PLLC
4030 Henderson Boulevard
Tampa, FL 33629
Telephone: (813) 500-1500, ext. 205
Facsimile: (813) 435-2369
Heather@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com
Attorney for Plaintiff