IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLEDISTRICT OF FLORIDA
TAMPA DIVISION

JARROD GEISSENBERGER,

    Plaintiff,                                              Case No.: 8:19-cv-00838-CEH-TGW

vs.

BRANDREP, LLC,

    Defendant.

_____/

## PLAINTIFF'S UNOPPOSED MOTION TO SET ASIDE CLERK'S DEFAULT AND REQUEST FOR EXTENSION OF TIME FOR DEFENDANT TO ANSWER PLAINTIFF'S COMPLAINT

Plaintiff, Jarrod Geissenberger ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 55(c), hereby moves to set aside the Clerk's Default [Doc. 10] entered on May 8, 2019 and for an Order extending the time for Defendant to answer the Complaint. This motion should be granted for the reasons set forth in the memorandum of law below which shows BrandRep, LLC, did not receive notice of the complaint until May 20, 2019.

### MEMORANDUM OF LAW

#### Background

1. On April 9, 2019, Plaintiff Jarrod Geissenberger filed the Complaint [Doc. 1] ("Complaint") in this matter, asserting claims arising under the Telephone Consumer Protection Act ("TCPA") among other claims.

2. On that same day, the summons [Doc. 3] was issued by the Clerk of the Court, and the Affidavit of Service [Doc. 8] showed the summons was served on April 12, 2019 to the registered agent for BrandRep, LLC, in Sacramento, California.

3. When no responsive pleading to the complaint was filed, Plaintiff filed a Motion for Clerk's Default (Doc. 9) and an Entry of Default (Doc. 10) was entered on May 8, 2019.

4. On May 20, 2019, the undersigned was contacted by counsel for BrandRep, LLC who explained that its registered agent had mistakenly forwarded the Complaint to a different company, BR Marketing, and BrandRep did not receive notice of the Complaint until May 20, 2019.

5. The parties are communicating at this point and both parties are interested in discussing and exploring potential early resolution of the claims.

6. In light of the above, Plaintiff moves to set aside the clerk's default entered May 8, 2019 and further moves for an extension for Defendant to file an Answer through June 28, 2019 so the parties may exchange preliminary information and discuss possible settlement.

## ARGUMENT

Plaintiff respectfully requests the Court grant this Motion and vacate the entry of Clerk's Default pursuant to Federal Rules of Civil Procedure 55(c). Because Plaintiff presents good cause in order to set aside the default, due to Defendant not receiving notice of the Complaint in a timely manner, Plaintiff would like to pursue the claims on the merits.

Federal Rules of Civil Procedure 55(c) grants the courts broad discretion in setting aside an entry of default. *Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 236 (M.D. Fla. 1993) (citing *Robinson v. United States*, 734 F.2d 735. 739 (11th Cir. 1984)). Courts will set aside an entry of default upon a showing of good cause or excusable neglect. *Id.*; *Theiss v. Giove Law Office, P.C.*, No. 8:08-cv-356-T-17MSS, 2008 WL 2323911, *2 (M.D. Fla. June 5, 2008). "'Good cause' is a liberal, elastic standard that does not have a precise formula." *Id.* (citing *Compania Interamaricana Export-Import, S.A. v. Compania Dominica De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Here, Plaintiff presents good cause to set aside the Clerk's Default as the

Complaint was directed to someone other than the Defendant and indirectly found its way to BrandRep, LLC on May 20, 2019.  Because Defendant was unaware of the suit, BrandRep, LLC's failure to timely respond was excusable as it was simply occasioned by its lack of notice.

Plaintiff respectfully requests that this Court enter an order setting aside the Clerk's Default and extending the time during which Defendant may Answer and hire local counsel if needed.

### **Local Rule 3.01(g) Certification**

Pursuant to Local Rule 3.01(g), the undersigned has conferred with counsel for Defendant, BrandRep, LLC, who advised they do not oppose the motion.

### **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that this Court enter an order setting aside the Clerk's Default and extending the time during which Defendant may file its answer to June 28, 2019.

Dated:  June 3, 2019.

                Respectfully submitted,

                */s/Heather H. Jones*
                Heather H. Jones, Esq.
                Florida Bar No. 0118974
                William "Billy" Peerce Howard, Esq.
                Florida Bar No. 0103330
                THE CONSUMER PROTECTION FIRM, PLLC
                4030 Henderson Blvd.
                Tampa, FL  33629
                Telephone: (813) 500-1500, ext. 205
                Facsimile: (813) 435-2369
                Heather@TheConsumerProtectionFirm.com
                Billy@TheConsumerProtectionFirm.com
                *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of June, 2019, I electronically caused the foregoing document to be filed with the Clerk of the Court using CM/ECF.

*/s Heather H. Jones*
Heather H. Jones, Esquire